REQUESTED BY: Senator Jerome Warner Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator Warner:
You have asked three questions concerning the constitutionality of pending amendments to L.B. 120. The first is whether amendment 1293 would allow the use by the State of either state, federal, or even private (the fees provided for in section 3 of the bill) funds for the erection or maintenance of logo signs. Logo signs are interpreted to be signs advertising goods or services provided by specifically named private entities as distinguished from official highway signs giving general information.
In answer, insofar as private individuals, associations, or corporation would be the primary or sole financial beneficiaries of such erection or maintenance, and it is believed that they would be, it would be considered a violation of both Neb. Const. art. XIII, § 3 and art. III, 18 to use state funds, including federal funds paid into the state treasury and disbursed by the state, for such purposes. However, it is not considered that there would be any restriction on the use of private funds for such purposes (as commented on in Attorney General's Opinion No. 217 of April 5, 1976, which you indicate you have read).
The crucial question regarding expenditure of state funds is whether it is for a public purpose. Such determination is admittedly often difficult. The Nebraska Supreme Court in dealing with the problem in the case of State exrel. Douglas v. Nebraska Mortgage Finance Fund, 204 Neb. 445,283 N.W.2d 12 (1979) said:
 "No hard and fast rule can be laid down for determining whether a proposed expenditure of public funds is valid as devoted to a public use or purpose. Each case must be decided with reference to the object sought to be accomplished and to the degree and manner in which that object affects the public welfare."
In this case, it is believed that the court would find that although the legislature has a very wide discretion to determine what constitutes a public purpose, this `act' appears to be obviously designed to expend public funds and permit the use of public property for private purposes or benefit.
Secondly you ask can the State even allow the erection of these logo signs in the highway right-of-way?
In answer, only the State (Department of Roads) can erect signs within the right-of-way of any portion of the State highway system. See Neb.Rev.Stat. 1320.06(2)(b)(iv), (Reissue 1978). Authorization for logo signs, as you know, is contained in Neb.Rev.Stat. 39-634.01, however, the use of state funds for such purpose has already been ruled out by Attorney General's Opinion No. 66 of April 5, 1983, and that opinion is not herein reversed.
Lastly, you ask, is the new subsection (4) of section39-1320.01 (page 35, lines 1 through 17 of the Final Reading Copy of L.B. 120) constitutional in light of our Opinion No. 86, April 19, 1983?
Essentially, Opinion No. 86 declared proposed legislation which would give different and broader `just compensation' to owners of non-conforming signs erected between certain dates to be in violation of Neb. Const. art. III, 18
as being special legislation. Insofar as lines 1 through 17 contain provisions that afford different and broader compensation to owners of non-conforming signs erected between April 16, 1982 and the effective date of the act, they too would be considered unconstitutional as being special legislation. In this regard, subsection (4)(b) and (c) are considered to be different and broader and, as such, unconstitutional. Subsection (4)(a) does not appear to contain anything new as regards either amount or method of payment and therefore, is not found objectionable.
Very truly yours, PAUL L. DOUGLAS Attorney General Randall E. Sims Assistant Attorney General